**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000569
29-JUN-2017
08:16 AM**

NO. CAAP-16-0000569

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
JAMES HANSEN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-15-05204)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Reifurth and Chan, JJ.)

Defendant-Appellant James Hansen appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on July 19, 2016 in the District Court of the First Circuit, 'Ewa Division ("District Court").[1/]  Hansen was convicted of Operating a Vehicle Under the Influence of an Intoxicant ("OVUII"), in violation of Hawaii Revised Statutes ("HRS") section 291E-61(a)(1) (Supp. 2014).

On appeal, Hansen contends that: (1) the District Court erroneously applied a totality-of-the-circumstances standard instead of the proof-beyond-a-reasonable-doubt standard to convict him; (2) there was insufficient evidence to convict him of OVUII; and (3) the District Court erred by denying his motion to dismiss because the charge was fatally defective for failing to define the term "alcohol".

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we

---

[1/]     The Honorable John A. Montalbano presided.

resolve Hansen's points of error as follows, and affirm:

(1) Hansen challenges the District Court's finding of guilt because the court stated:

> All right. Thank you for your arguments, counsel. I'm ready to rule in this matter. And based on arguments of the defense, the Court is not going to be considering the testimony of the officer regarding the horizontal gaze nystagmus test.
>
> However, given the totality of the circumstances, sir, I do find that you were driving under the influence in this manner. The Court's conclusions are based on the swerving or entering the lane, drifting back, the later swerving onto the right edge of the road on the H-2 [sic], the strong odor of alcohol emitting from the defendant. The defendant was also the only occupant in the vehicle. Also exhibited red, bloodshot eyes.
>
> The observations of the officer during the standard field sobriety test where the defendant lost his balance on the walk-and-turn and the odor emanating from the police vehicle at the conclusion of the transport all indicate, under the totality of circumstances, that the defendant was operating a vehicle under the influence of an intoxicant. And the Court is going to find him guilty in that manner.
>
> I will hear arguments regarding sentencing.

Hansen contends that the District Court's explanation demonstrates that it erroneously used a totality-of-the-circumstances standard instead of beyond-a-reasonable-doubt standard in finding Hansen to be guilty of OVUII.

Citing to *State v. Aplaca*, 74 Haw. 54, 65-66, 837 P.2d 1298, 1304-05 (1992), Plaintiff-Appellee State of Hawaiʻi asserts that the District Court was commenting on the evidence when it referenced the totality of the circumstances. In *Aplaca*, the Hawaiʻi Supreme Court noted that a trial judge's determination of witness credibility does not indicate that it did not apply the proof-beyond-a-reasonable-doubt standard. *Id*. at 65-66, 837 P.2d at 1305. The *Aplaca* court held that where the trial court does not refer to any standard of proof, but merely comments "on the nature of the evidence in support of the finding of guilt, a presumption arises that it applied the correct standard." *Id*. at 66, 837 P.2d at 1305.

Although it is less clear in this case that the court's comments relate to "the nature of the evidence," the "totality of the circumstances" is not a standard by which a court determines guilt and the District Court's comments here do not suggest

otherwise. Rather, the "totality of the circumstances" directs the listener/reader's attention to the State's case, the Defendant's case, and any reasonable inferences arising therefrom in their entirety, instead of any one piece of evidence. In light of the overriding *Aplaca* principle, the District Court did not apply the incorrect standard when adjudging Hansen guilty of OVUII.

(2) There was substantial evidence to support Hansen's conviction for OVUII. Honolulu Police Department Officer Lei Ann Yamada testified that on November 13, 2015 she observed Hansen swerve into another lane and then back into his own lane by about 10 inches while on the H-1 freeway, which is a public way, street, road, or highway. She also observed Hansen enter onto the right shoulder for about two seconds and then move back into the rightmost lane. After stopping Hansen, she noticed that he had red bloodshot eyes, the smell of alcohol emanated from his vehicle, and there were no other passengers in the his vehicle. Officer Yamada stated that during the instructional stage of the walk-and-turn test Hansen lost his balance twice. After performing the walk-and-turn test twice, Hansen missed a heel-to-toe step, used his arms for balance, and stepped off the line during each test, all of which was contrary to the instructions given to him. During the one-leg stand test, Hansen held his right foot up for 10 seconds then switched to his left foot, put his foot down, used his arms for balance, and was hopping throughout the test, all contrary to the instructions given to him. Viewing the evidence adduced at trial in the light most favorable to the prosecution, as we must, we conclude that there was substantial evidence to support Hansen's conviction. *See State v. Matavale*, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007) ("The test on appeal is not whether guilt is established beyond a reasonable doutb, but whether there was substantial evidence to support the conclusion of the trier of fact.")

(3) The District Court did not err by denying Hansen's motion to dismiss for failure to define the term "alcohol," in the charge. *See State v. Tsujimura*, — Haw. —, — P.3d —, 2017 WL 2361154 at *6-8 (Haw. May 31, 2017) (holding that "alcohol" did

not need to be defined as the term's statutory definition comports with its commonly understood meaning); *see also State v. Turping*, 136 Hawai‘i 333, 335, 361 P.3d 1236, 1238 (App. 2015).

Therefore, the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on July 19, 2016 in the District Court of the First Circuit, Ewa Division is affirmed.

DATED:  Honolulu, Hawai‘i, June 29, 2017.

On the briefs:

Samuel P. King, Jr.
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4